SHIVERS, Judge.
The husband appeals the trail court’s orders dated June 23,1986, and July 28,1986.
The adjudication part of the June 23, 1986, order reads:
1. The Wife shall forthwith comply with the said Paragraph Four (4) of the Final Judgment of Dissolution of Marriage by executing a quitclaim deed for one-half interest as agreed to by the property settlement agreement, agreed to and entered as part of the Final Judgment of Dissolution of Marriage.
The July 28, 1986, order modifies the June 23, 1986, order by adding the requirement that the husband reimburse the wife $1,832.41 for insurance premiums she paid to maintain the husband’s life insurance on his life naming her as beneficiary.
In Issue I, the husband contends the trial court erred in failing to require that the wife convey marketable title to the husband or pay him the fair market value of that which she failed to convey.
In Issue II, the husband contends the trial court erred in refusing to allow a proffer relative to the life insurance premiums and in ruling that “maintain” the life insurance meant the same as “pay” for the life insurance. We affirm the trial court on Issue II, but find Issue I merits discussion.
Paragraph 4 of the Final Judgment (referred to in the June 23, 1986, order) in *1077 accordance with the parties’ stipulation provides:
4. The Wife shall execute a quit claim deed conveying a one-half interest to the Husband in the property located at Lot 6, Rantowle Shores, Ravenel, South Carolina. Each party shall be responsible for one-half of the tax obligations on said properly. Either party shall have the right to buy out the other at any time at the appraised value upon giving written notice to the other of said intent. The other party shall have fifteen (15) days to elect to buy out the first party. If said party does not elect to purchase the property, the first party shall have the right to purchase the property at the appraised value.
The Final Judgment, with which the June 23, 1986, order directs the wife to comply, requires the wife to execute a quitclaim deed conveying a one half interest to the husband in the South Carolina property: The trial court did not err in requiring the wife to comply with Paragraph 4 of the Final Judgment. The judgment, though, does not obligate the wife to merely quitclaim whatever interest she might have in the property. It requires her to convey by quitclaim deed a one half interest in the South Carolina property.
Although the parties were aware when their Stipulation was executed and when the Final Judgment was entered that the wife did not then have title to the South Carolina property, that in no way vitiated the wife’s obligation to convey to the husband a one half interest in said property.
We affirm on Issue II, but reverse and remand on Issue I for clarification and amplification of the June 23,1986 order not inconsistent with this opinion and for further proceedings, if required.
AFFIRMED IN PART, and REVERSED and REMANDED in part.
THOMPSON and NIMMONS, JJ., concur.